FILED & ENTERED

SEP 17 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>**RUBEN ARTURO ROMERO CARBAJAL**<br><br>Debtor. | Case No.: 1:26-bk-11134-MB<br><br>Chapter 11<br><br>Subchapter V<br><br>**ORDER: (1) REMOVING DEBTOR FROM POSSESSION PURSUANT TO BANKRUPTCY CODE SECTION 1185(a); (2) CONTINUING HEARING TO DISMISS OR CONVERT CASE PURSUANT TO BANKRUPTCY CODE SECTION 1112(b) AND SETTING SUPPLEMENTAL BRIEFING SCHEDULE; (3) CONTINUING CASE STATUS CONFERENCE**<br><br>Date: September 15, 2026<br>Time: 1:30 p.m.<br>Courtroom: 303<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

On May 27, 2026 (the "Petition Date"), Ruben Arturo Romero Carbajal (the "Debtor") filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. Since then, the Debtor has been in possession of the property of the estate and managing his affairs as a debtor in possession. *See* 11 U.S.C. §§ 1107(a), 1108, 1182(2). On August 25, 2026, the United States Trustee ("UST") filed a motion to dismiss or convert the case pursuant to Bankruptcy Code section 1112 and declaration testimony in support thereof (the "Motion"). Case Dkt. 101.

On September 15, 2026, the Court held a hearing on the Motion and held a status conference in the case (the "Hearing"). The Debtor appeared at the Hearing together with his counsel, Yoon Ham. The UST appeared through attorney Russell Clementson. Subchapter V Trustee, John-Patrick Fritz (the "Subchapter V Trustee") appeared on his own behalf. Creditors Marlene Moretti and Johnny Romero appeared through attorneys Michael Berger and Glen Broemer. Creditor City National Bank appeared through attorney Byron Mauss. Wells Fargo, Chase and Pingora Loan Servicing appeared through attorney Asaph Abrams.

In the Motion, and its reply, the UST asserts that there is "cause" for relief under Bankruptcy Code section 1112(b) and argues that the appropriate form of relief is conversion of the case to chapter 7. Case Dkt. 101. The Debtor filed an opposition to the Motion and declaration testimony in support thereof, arguing that "cause" had not been demonstrated but that if the Court disagreed, it should expand the trustee's powers pursuant to Bankruptcy Code section 1183(b)(2) to investigate the Debtor's financial affairs and report back on the feasibility of a plan. Case Dkt. 115 at 8, 116. Creditors Moretti and Romero filed joinders in support of the Motion and their own declaration testimony, arguing that additional "cause" existed for relief under section 1112 and that conversion was the most appropriate form of relief. Case Dkt. 113, 114, 126. In its reply in support of the Motion, the UST continued to argue that the Court should convert the case to chapter 7, but also indicated that it did not oppose removing the Debtor from possession under Bankruptcy Code section 1185(a) and expanding the powers of the Subchapter V Trustee pursuant to Bankruptcy Code section 1183. Case Dkt. 127 at 4.

Creditor City National Bank did not file any pleading in respect of the Motion, but at the Hearing joined the Motion and advocated for conversion to chapter 7. Wells Fargo, Chase and Pingora Loan Servicing did not file any pleading regarding the Motion and stated at the Hearing that it took no position on the Motion. The Subchapter V Trustee likewise did not file any pleadings in connection with the Motion but at the hearing did not oppose taking on an expanded role in the case and suggested he would try to facilitate a resolution of the case under such circumstances.

On its own motion,[1] but based on its review of the pleadings and evidence submitted in support of and opposition to the Motion and the arguments of counsel, the Court finds that "cause" exists to remove the Debtor from possession of the estate pursuant to Bankruptcy Code section 1185(a), for incompetency with respect to and gross mismanagement of the affairs of the debtor in possession following the commencement of this case, and a lack of candor in his disclosures to the Court, which were made under penalty of perjury. Specifically, the Court finds the Debtor

(i) made substantial postpetition payments on account of prepetition debts without obtaining Court authority to do so;

(ii) failed to disclose in his initial Schedules of Assets and Liabilities, see Case Dkt. 32 at 3-15, his ownership interest in certain real property located in Peru, valued at approximately $2 million, which he later disclosed in amended schedules, see Case Dkt. 66 at 15, only after being confronted about the property at a meeting of creditors under Bankruptcy Code section 341(a) (a "Section 341(a) Meeting");

(iii) failed in any of his amended Schedules of Assets and Liabilities or Statement of Financial Affairs to identify any creditors, accounts or other assets in Peru, where it is unlikely the Debtor could possibly maintain Peruvian real property without the benefit of Peruvian financial accounts, utilities, or service providers;

(iv) failed in his initial and first amended Statement of Financial Affairs to disclose $2.7 million in real property the Debtor now claims to hold or control on behalf of

---

[1] *See Fukutomi v. United States Trustee (In re Bibo, Inc.)*, 76 F.3d 256, 258 (9th Cir. 1996).

someone else, see Case Dkt. 32 at 40, Case Dkt. 66 at 28, doing so in his second amended Statement of Financial Affairs only after being questioned about the omission of property at a Section 341(a) meeting, see Case Dkt. 96 at 23;

(v) failed to file, timely or otherwise, the reports required by Federal Rule of Bankruptcy Procedure 2015.3 regarding at least three entities in which the debtor holds a substantial or controlling interest, see Case Dkt. 96 at 13-14;

(vi) failed to disclose, in any version of his Statement of Financial Affairs, the gross income realized from his business activities in 2024 and 2025, see Case Dkt. 32 at 36 (stating "Unknown"); Case Dkt. 66 at 23 (same); Case Dkt. 96 at 18 (same);

(vii) incorrectly states in each version of his Statement of Financial Affairs that in the last four years prior to the Petition Date, he was neither (a) a sole proprietor or self-employed in a trade, business, or other activity, (ii) a member of a limited liability company or limited liability partnership, (iii) a partner in a partnership, (iv) officer, director or managing executive of a corporation, nor (v) an owner of at least 5% of the voting or equity securities of a corporation, and fails to provide the information required with respect thereto, including the name of all accountants and bookkeepers with respect to such entities, see Case Dkt. 32 at 40-41; Case Dkt. 66 at 29; Case Dkt. 96 at 24; *compare with* Case Dkt. 32 at 13 (listing Debtor's interests in business entities); Case Dkt. 66 at 18-19;

(viii) filing two successive monthly operating reports approximately one month after each of those operating reports was due, see Case Dkt. 56, 94.

In light of the foregoing, the Court finds that removing the Debtor from possession under Bankruptcy Code section 1185(a) is in the best interests of creditors and the estate. By removing the Debtor from possession, the Subchapter V Trustee will be empowered, among other things, to preserve and protect the assets of the estate, investigate the full extent of the Debtor's assets and business affairs, ensure that estate assets are not used to satisfy prepetition debts or otherwise disposed of without proper authority, negotiate with the Debtor's secured lenders (as necessary) to reach arrangements for the authorized use of cash collateral, investigate the bona fides of

litigation asserted by and against the estate, including litigation between the Debtor and certain members of the Debtor's family, and facilitate settlements thereof, and facilitate negotiations that may enable the Debtor to propose a confirmable, if not entirely consensual, plan of reorganization. The Debtor's failure to competently manage his affairs as a debtor in possession, and demonstrate complete candor to the Court, have undermined his ability to serve as a fiduciary of the estate. On this record, the Court is persuaded that the dispossession of the Debtor, and the consequent empowerment of the Subchapter V Trustee, is the only hope for achieving a consensual plan of reorganization in this case.[2]

At the Hearing, the Court raised several legal questions that evolved out of the oral argument, and therefore were not addressed in the parties' pleadings. First, does the Court's sua sponte finding of "cause" for purposes of Bankruptcy Code section 1185(a) necessarily constitute "cause" for purposes of Bankruptcy Code section 1112? Second, if so, does Bankruptcy Code section 1112 require the Court to convert the case to chapter 7, even though the Court presently believes that removal of the Debtor from possession (rather than conversion) is in the best interests of creditors and the estate?

This Order provides the parties with an opportunity to research and consider these issues, submit briefs and argue the matter at a future hearing, but also addresses the immediate need for relief established by the evidentiary record. Accordingly, it is hereby **ORDERED**:

1. The Debtor is removed from possession pursuant to Bankruptcy Code section 1185(a). As announced in open court at the Hearing, removal of the Debtor is effective September 15, 2026, at 4:51 pm Pacific Time, regardless of when this Order is entered on the docket.

---

[2] In its announcement of its ruling at the Hearing, the Court stated its belief that the Debtor consented to removal from possession. Upon reconsideration, the Court withdraws this oral finding. Given that the Debtor's written opposition addressed only the expansion of trustee powers under Bankruptcy Code section 1183(b)(2), it is unclear whether attorney Ham's statements at oral argument amount to consent to removal of possession under Bankruptcy Code section 1185. Ultimately, the Court need not rule on this issue. Because the evidentiary record clearly demonstrated "cause" for relief under section 1185(a), whether the Debtor consented to such relief is inconsequential.

2. The hearing on the Motion is continued to October 26, 2026, at 1:30 pm Pacific Time. Any party that wishes to file and serve a supplemental brief in respect of the Motion may do so no later than October 21, 2026. No reply pleadings are permitted. Parties may respond to the supplemental briefs in oral argument on October 26, 2026.

3. The case status conference is continued to October 26, 2026 at 1:30 pm Pacific Time. Notwithstanding the Court's standing administrative order, the Debtor is not required to submit an updated status report before the October 26, 2026 status conference.

4. Counsel for the Debtor shall promptly serve a copy of this Order on all counsel that appeared at the Hearing.

# # #

Date: September 17, 2026

Martin R Barash
United States Bankruptcy Judge